[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO QUASH AND/OR DISMISS
The petitioner alleges in this habeas corpus petition that he is serving a total effective sentence of two years, having been convicted of one count of a sale of marijuana in violation of 21a-277(b) of the General Statutes.
He further alleges that the Immigration Naturalization Service (INS) has lodged a detainer against him as a result of which the Department of Correction has precluded him from consideration for supervised home release (SHR).
He asks the court to assist him to speedily dispose of his detainer by ordering the Commissioner to place him on SHR so that INS will be obliged to process its detainer.
The respondent has moved to quash and/or dismiss the petition because the issue as to whether a detainer may preclude an inmate from participating in a discretionary program — SHR — does not raise a claim properly addressed via habeas corpus and because there is no claim of illegal confinement.
This subject matter has been addressed in appellate decisions. In Smith v. Liburdi, 26 Conn. App. 254, 258-9 (1991), the Appellate Court stated that claims alleging a preclusion from are not within the subject matter jurisdiction of the habeas court. As in the instant case, Smith claimed that a detainer him from participating in SHR. At page 259, the court stated:
 Because such matters are beyond the province of this court, we do not address this issue. CT Page 7621 "Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." Wheway v. Warden, 215 Conn. 418, 431, 576 A.2d 494 (1990), citing Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).
The petitioner has no right to SHR and the granting of that status is not automatic. The policies of the Department of Correction as to SHR are concerned with the conditions of confinement, not punishment. The inmate has no constitutionally protected interest in the locus of his confinement. Meachum v. Fano, 427 U.S. 223, 224 (1976); State v. Davis, 190 Conn. 327,336-339 (1983) cert denied, 464 U.S. 938. SHR is merely a program which permits a convicted party to serve a portion of a sentence elsewhere than in a penal institution. His status remains one of confinement. Connecticut General Statutes18-100 and 18-106, et seq.
The respondent's motion is granted and the petition is dismissed.
Anthony V. DeMayo, Judge